IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HIRAM DODD, JR.
     Plaintiff,

vs                               Case No.: 5:13cv40/RS/EMT

NORMA ANN DODD, MARY MARTIN DODD,
and THE UNITED STATES OF AMERICA,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

     This is an action for partition of real property originally filed in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, by Plaintiff Hiram Dodd, Jr., and removed to this court on February 5, 2013, by Defendant United States of America ("the United States") (*see* doc. 1).  The other two parties in the case are Hiram Dodd's sisters, Defendants Norma Ann Dodd, who proceeds pro se, and Mary Martin Dodd, who proceeds through counsel.  In light of Norma Ann Dodd's pro se status, the case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  Now before the court are the United States' Motion for Disbursement of Funds (doc. 18), and submissions related thereto filed (as directed by the court (docs. 21, 26)), by Norma Ann Dodd (doc. 22), Mary Martin Dodd (doc. 23), and Hiram Dodd, Jr. (docs. 24, 25, 27).  The court recommends that the United States' motion be granted and that funds now held in the court's registry be disbursed as set forth below.

<u>Background</u>

The amended complaint filed in state court (*see* doc. 4-1 at 29–31), alleges that Hiram Dodd, Jr.,  Norma Ann Dodd, and Mary Martin Dodd each have a one-third interest in certain real property, which they acquired from the Estate of Mary Martin Dodd, as tenants in common.  The United States has an interest in the property by means of a federal income tax lien filed by the Internal Revenue Service ("IRS") against Mary Martin Dodd.  The amended complaint states that the real property is not reasonably susceptible of equitable physical division and that a private sale of the property would not prejudice the interests of the Defendants.  As relief, the amended complaint seeks an order directing the private or public sale of the property and the distribution of the proceeds to the parties according to their interests.[1]

An Initial Scheduling Order was entered in the case on March 29, 2013 (doc. 7).  On May 6, 2013, the court entered an order directing the sale of the real property (doc. 9), and on October 28, 2013, the court issued an order confirming the sale (doc. 16).  The court's October 28, 2013, order also authorized the owners of the property to execute such documents as were necessary to complete the sale; further, it directed Hiram Dodd, Jr., to file a report with the court setting out the costs and fees associated with the sale and directed him to deposit the proceeds of the sale, less reasonable costs and fees, in the court's registry (*id.*).  On November 22, 2013, the amount of $192,558.46 was deposited in the court's registry (doc. 20).  On November 27, 2013, the court issued an order directing the parties to submit statements setting out their positions as to the amount and manner of disbursement of the deposited funds (the United States was excused from this requirement unless it wished to update or modify its demand) and instructing Hiram Dodd, Jr., to file a report setting out the costs and fees associated with the sale of the property (doc. 21).[2]  The parties responded (docs. 22–25); and, when directed by the court to do so (*see* doc. 26), Hiram Dodd, Jr., filed a supplemental response (doc. 27).

---

[1]  The amended complaint also seeks reasonable attorneys' fees and costs, with "each party bearing a proportional share thereof" (doc. 4-1 at 31).

[2]  In the order issued November 27, 2013 (doc. 21), the court stated that the amount of $192,5**88**.46 was deposited in the court's registry.  This was a scrivener's error; the actual amount deposited was $192,**558**.46 (*see* doc. 20).

The report filed by Hiram Dodd, Jr. (doc. 27), which is fairly consistent with the sales information supplied by Norma Ann Dodd (doc. 22-1 at 1–2), indicates that from the property's selling price of $200,000.00, a sales commission of $4400.00 was deducted from the seller's share, as were releases for code enforcement liens totaling $3041.54, for total deductions in the amount of $7441.54.  Thus, the net sales proceeds from the sale was $192,558.46—the amount deposited in the court's registry.

The parties take the following positions with respect to the disbursement of the $192,558.46. The United States seeks an order directing disbursement of $34,378.96 from Mary Martin Dodd's one-third interest in order to satisfy its income tax lien against her, with any remaining amount of Mary Martin Dodd's share to be paid to her (doc. 18 at 4).

Norma Ann Dodd does not specify the distribution amounts but asks that the $3041.54 deducted from the sales amount for the code enforcement liens be assessed to Mary Martin Dodd only, because they were Mary Martin Dodd's sole responsibility (doc. 22).

Hiram Dodd, Jr., requests that he receive $490.00 in court costs; two-thirds of his attorney's fees, or $3572.66; and—after those costs and fees—one-third of the proceeds of the sale [or $62,831.93] and one-half of the disbursement made for the code enforcement liens assessed against Mary Martin Dodd [or $1520.77], which two amounts together equal $64,352.70.  Additionally, he suggests that (after the payment of fees and costs) Norma Ann Dodd receive one-third of the proceeds of the sale and one-half of the disbursement made for the code enforcement liens assessed against Mary Martin Dodd, or $64,352.70; that the United States receive $34,378.96 in payment of the federal tax lien against Mary Martin Dodd; and that (after the payment of fees and costs) Mary Martin Dodd receive one-third of the proceeds of the sale, less the payment to the United States for Mary Martin Dodd's tax lien and her code enforcement liens, or $25,411.44 (doc. 25 at 1–2).

Mary Martin Dodd's position with regard to the disbursement of the $192,558.46 is that Hiram Dodd, Jr., should receive one-third of the proceeds of the sale and one-half of the disbursement made for the code enforcement liens assessed against her, or $65,716.93; that Norma Ann Dodd should receive one-third of the proceeds of the sale and one-half of the disbursement made for the code enforcement liens assessed against Mary Martin Dodd, or $65,716.92; that the United States receive $34,378.96 in payment of the federal tax lien against Mary Martin Dodd; and that Mary Martin Dodd

receive one-third of the proceeds of the sale, less the payment to the United States for her tax lien and her code enforcement liens, or $26,775.65.[3]  Further, Mary Martin Dodd contends that due to the failure of any party to comply with the requirements of the court's March 29, 2013, Initial Scheduling Order concerning time records, any request for attorney's fees or costs (other than relating to the sale of the property) should be denied (doc. 23 at 1–3).

<u>Discussion</u>

With the exception of the payment of costs and attorney's fees, it appears that the parties agree, at least in general terms though not the details, regarding the disposition of the $192,558.46.  As to the disputed issue of attorney's fees, the court notes that its March 29, 2013, Initial Scheduling Order directed the parties, *inter alia*, to file monthly time records (doc. 7 at 6–7).  The parties were cautioned that the "[f]ailure to comply with these requirements will result in attorney's fees being disallowed for the required reporting period" (*id.* at 7) (*see also* N.D. Fla. Loc. R. 54.1(B) (setting out requirements for maintaining and filing attorney time records and stating that the failure to comply with the requirements will result in disallowance of fees for the omitted period).  Because counsel for Hiram Dodd, Jr., failed to file monthly time records, as directed by the court in the Initial Scheduling Order and as required by the Local Rules of this district, Hiram Dodd, Jr.'s request for attorney's fees should be denied.

As to the issue of the reimbursement of costs in the amount of $490.00, there are no contemporaneous reporting requirements in the Local Rules or the court's Initial Scheduling Order. Moreover, although Hiram Dodd, Jr.'s request is not made in compliance with N.D. Fla. Loc. R. 54.2, it is sufficient to determine the nature and amount of the requested costs, which are minimal and reasonable.[4]  Recommending the payment of costs at this time should also expedite the release of the funds to all parties.[5]  The court therefore recommends that costs in the amount of $490.00 be divided

---

[3]  These figures total $192,5**8**8.46, the amount inadvertently listed by the court in its order issued November 27, 3013 (doc. 21), rather than $192,5**5**8.46, the amount actually deposited in the court's registry.

[4]  The costs, as set forth in an affidavit submitted by Hiram Dodd, Jr's attorney, include $400.00 for the filing fee; $30.00 for the summonses fees; and $60.00 for the process servers.

[5]  If any party opposes this or any other recommendation contained herein, he or she may file an objection as set forth at the bottom of this Report and Recommendation.

equally among Hiram Dodd, Jr., Norma Ann Dodd, and Mary Martin Dodd, that is, in the amount of approximately $163.33 each (doc. 4-1 at 4) (seeking reasonable attorney's fees and costs, with "each party bearing a proportional share thereof").

Conclusion

For the reasons given above, the court recommends that Hiram Dodd, Jr.'s request for attorney's fees be denied and that his request for costs in the amount of $490.00 be granted.  In addition, the court recommends that the United States' motion be granted, with disbursement checks to be issued by the clerk as follows:

| | |
|---|---|
| Hiram Dodd, Jr.: | $66,033.58[6] |
| Norma Ann Dodd: | $65,543.60[7] |
| Mary Martin Dodd: | $26,602.32[8] |
| Internal Revenue Service: | $34,378.96 |

Any interest accrued on the registry funds should be payable to Hiram Dodd, Jr., Norma Ann Dodd, and Mary Martin Dodd only, to be divided among them equally.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Hiram Dodd, Jr.'s request for attorney's fees be **DENIED** and his request for costs be **GRANTED.**

2.      That the United States of America's motion for disbursement of funds (doc. 18) be **GRANTED**.

3.      That the clerk be directed to disburse the $192,558.46 deposited in the court's registry in this case as follows:

| | |
|---|---|
| Hiram Dodd, Jr.: | $66,033.58 |

---

[6] Representing one-third of the proceeds of the sale ($64,186.15), plus one-half of disbursement made for code enforcement liens assessed against Mary Martin Dodd ($1520.77), and reimbursement for costs from Mary Martin Dodd and Norma Ann Dodd ($163.33 each).

[7] Representing one-third of the proceeds of the sale ($64,186.15), plus one-half of disbursement made for code enforcement liens assessed against Mary Martin Dodd ($1520.77), and less reimbursement for costs to Hiram Dodd, Jr. ($163.33).  This amount is rounded up from $65,543.59 to $65,543.60.

[8] Representing one-third of the proceeds of the sale ($64,186.15), less IRS income tax lien ($34,378.96) and  reimbursements for code enforcement liens ($1520.77 each to Hiram Dodd, Jr., and Norma Ann Dodd) and for costs ($163.33 to Hiram Dodd, Jr.).

Norma Ann Dodd:                  $65,543.60

Mary Martin Dodd:           $26,602.32

Internal Revenue Service:    $34,378.96

4.      That the clerk be directed to pay any accrued interest in this case to Hiram Dodd, Jr., Norma Ann Dodd, and Mary Martin Dodd, to be divided among them equally.

5.      That the clerk forward to counsel the check for each party or, in the case of the pro se party, directly to Norma Ann Dodd at her address of record.

6.      That judgment be entered in Plaintiff's favor and this case be closed.

**DONE AND ORDERED** this 4<u>th</u> day of February 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**